UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRANK LAPOMARDA, | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil No. 9-377-P-H ) |
| SKIBINSKI, et al. | ) ) |
| Defendants | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Frank Lapomarda, who is presently confined at the Cumberland County Jail, has brought a civil suit against David Skibitsky, Sam Dickey, Arthur Munson, and Cory Gilpatrick.[1] In his complaint Lapomarda alleges that he was sexually harassed by Officer Skibitsky while Lapomarda was taking a shower. According to Lapomarda, Skibitsky approached the shower stall and told him to soap up from head to toe, stating he wanted to "see the suds." And then Skibitsky watched while Lapomarda showered. "How can that be legal," queries Lapomarda. Lapomarda reports that he was embarrassed and terrified and that Skibitsky was threatening him as Lapomarda asked him to stop looking and to stop staring at his entire body. He adds that his grievance concerning this incident was denied by the responsible sergeants.

The defendants have filed a motion to dismiss arguing that Lapomarda has failed to state an actionable 42 U.S.C. § 1983 claim, asserting a defense of qualified immunity, and maintaining that Defendants Dickey, Munson, and Gilpatrick cannot be held liable on a supervisory liability theory. I recommend that the Court grant the motion to dismiss for the following reasons.

---

[1] The docket header spells Skibitsky's last name as Skibinski and Gilpatrick's last name as Kilpatrick, per the spelling offered in Lapomarda's complaint.

*Dismissal Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted."  In deciding a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of Lapomarda that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery.  Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008).  To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Additionally, because Lapomarda is a pro se litigant, his complaint is subjected to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).

*Lapomarda's Claims and the Motion to Dismiss*

In his response to the motion to dismiss, Lapomarda makes clear that his intent is to pursue an Eighth Amendment cruel and unusual punishment claim.  (Resp. Mot. Dismiss at 3.)

With respect to the naming of Defendants Dickey, Munson, and Gilpatrick, the allegations of Lapomarda's complaint do not implicate them in the alleged harassment.  The only theory of liability for this trio pertains to their actions or inactions as supervisors.  Lapomarda's complaint does not state a supervisory liability claim because there is no affirmative link between the alleged rights violation and a subsequent responsibility for reviewing Lapomarda's grievance after-the-fact.  See Iqbal, 129 S.Ct. at 1948; Maldonado v. Fontanes, 568 F.3d 263, 274 -75 & n.7 (1st Cir. 2009);   Whitfield v. Melendez-Rivera, 431 F.3d 1, 14 (1st Cir. 2005);

2

Choate v. Merrill, 08-49-B-W, 2009 WL 3487768, 2 -4  (D. Me. Oct. 20, 2009) (pending recommended decision).

With respect to Skibitsky, who clearly is implicated in the alleged rights violation, as a cruel and unusual punishment claim the allegations of Lapomarda's complaint do not support a claim of an Eighth Amendment violation.  See Johnson v. Unknown Dellatifa, 357 F.3d 539, 545-46 (6th Cir. 2004) (alleging correctional officer continuously banged and kicked plaintiff's cell door, threw his food trays through the bottom slot of his cell door so hard as to dislodge the tops, made aggravating remarks, made insulting remarks about the length of his hair, growled and snarled through his window, smeared his window to prevent him from seeing out of it, behaved in a racially prejudicial manner toward him, and jerked and pulled him unnecessarily hard when escorting him from his cell); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (plaintiff claimed officers violated his rights by threatening to mace him); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") (citations omitted);  Barney v. Pulsipher, 143 F.3d 1299, 1311 (10th Cir.1998) (addressing allegations that officer subjected inmates to severe verbal sexual harassment and intimidation, stating that "these acts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment.");  Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (plaintiff claimed sheriff laughed at him and threatened to hang him); Shabazz v. Cole, 69 F.Supp.2d 177, 199-200 (D.Mass. 1999) ("Although this court does not condone the verbal abuse with the racial epithets that Shabazz received from Cole, verbal threats and insults between inmates and prison officials are a constant

daily ritual observed in this nation's prisons.") (quotations and citation omitted); Mortimer Excell v. Fischer, Civ. No. 9:08-CV-945 (DNH/RFT), 2009 WL 3111711, 5-7 (N.D.N.Y. 2009)("[V]erbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983. Additionally, threats do not amount to violations of constitutional rights.")(internal quotations and citations omitted); see also Doyle v. Jones, Nos. 1:06-cv-628, 1:06-cv-630, 2007 WL 4052032, 9 (W.D. Mich. 2007); Knowles v. Maine, Civ. No.09-282-B-W, 2009 WL 3517859, 3-4 (D. Me. Oct. 29, 2009) (recommended decision), adopted 2009 WL 4110711 (De. Me. Nov. 23, 2009); Doe v. Magnusson, Civ. No. 04-130-B-W, 2005 WL 758454, 15-17 (D. Me. Mar, 21, 2005) (collecting cases) (recommended decision), adopted, 2005 WL 859272 (D. Me. Apr. 14, 2005); ); see cf. Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) ("It is well established that not every state tort constitutes a violation of a protected federal right simply because it is committed by the state. The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.")(citations omitted). There is no allegation that Lapomarda was physically harmed. See 42 U.S.C. §1997e(e).[2]

---

[2] In his response to the motion to dismiss Lapomarda elaborates that Skibitsky stood with one hand on his Taser and one hand on his handcuffs, which is certainly a description of menacing behavior. Lapomarda is articulate in his defense of his claim and in disputing the defendants' entitlement to qualified immunity. However, this court is bound to follow the law even when the allegations of inmate harassment are troubling. See, e.g., DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") (citations omitted); cf. Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) ("It is well established that not every state tort constitutes a violation of a protected federal right simply because it is committed by the state. The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.")(citations omitted).

### *Lapomarda's October 30, 2009, Letter*

Lapomarda has sent a letter to this court that was docketed on October 30, 2009. (Doc. No. 10.) This letter seems to relate to a failure to treat his heart condition and a failure to get proper medication and treatment. This letter also references his unlimited international identification cards and suggests that Lapomarda can explain this aspect of his situation later. It appears that Lapomarda has dedicated part of his life to service to this country in the military. It also seems that he has not been satisfied with certain lawyers he has contacted or who have represented him. This letter was docketed in this case because Lapomarda expressly cited the case number in the letter. However, the allegations are unrelated to the subject matter of this civil action, other than they continue to elaborate his complaints about his treatment at the county jail. Accordingly, I do not encompass the merits of the allegations in the letter in this recommended decision and Lapomarda is free to pursue whatever redress he chooses as to these claims that are legally unrelated to his current suit.

## CONCLUSION

For these reasons I recommend that the Court grant the motion to dismiss (Doc. No. 9).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 10, 2009.